UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JORDAN,

    Plaintiff,

v.

RANDALL HAAS,

    Defendant.

Case No. 17-13472
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND GRANTING RIGHT TO PROCEED IN FORMA PAUPERIS ON APPEAL**

A state court jury convicted William Tyler Jordan of molesting his four- and five-year-old nieces. Jordan appealed without success. He now turns to federal court, petitioning for a writ of habeas corpus. As will be explained, Jordan's two claims for the writ are procedurally defaulted. But even if the claims are not defaulted, the Michigan Court of Appeals' decision did not involve an unreasonable application of clearly established federal law, was not contrary to clearly established federal law, and was not based on unreasonable fact determinations. *See* 28 U.S.C. § 2254(d). So either way, the Court cannot grant Jordan a writ.

I.

According to the Michigan Court of Appeals, "The charges against [Jordan] ar[o]se from incidents occurring in 2013 or 2014 between defendant and his two nieces, IC and AC, who were four and five years old at the time of the incidents." *People v. Jordan*, No. 328738, 2016 WL 6825714, at *1 (Mich. Ct. App. Nov. 17, 2016). Jordan was 18 or 19 years old at the time. (*See* ECF No. 8, PageID.389.) "At trial," said the Michigan Court of Appeals, "both victims testified

that while they were at their grandparents' home, [Jordan] on several occasions touched their genital areas with his finger, his penis, or both." *Id.*

A state court jury convicted Jordan of one count of first-degree criminal sexual conduct and three counts of second-degree criminal sexual conduct. Jordan was sentenced to concurrent terms of 25 to 30 years' imprisonment on the first-degree conviction and 10 to 15 years' imprisonment on each of the second-degree convictions.

Jordan appealed, claiming prosecutorial misconduct. The Michigan Court of Appeals found that Jordan's attorney did not object to an allegedly improper statement during the prosecutor's initial closing argument and that while Jordan's attorney did object to a similar statement during the prosecutor's rebuttal, Jordan's attorney "failed to state a basis for his objection on the record." *Jordan*, 2016 WL 6825714, at *1. As such, Jordan's claims were "unpreserved" and the Michigan Court of Appeals' review was "limited to plain error." *Id.* The state appellate court then went on to find that Jordan had "failed to show any plain error affecting his substantial rights." *Id.* at *2.

Jordan also argued to the Michigan Court of Appeals that because Michigan imposes a non-discretionary, 25-year minimum sentence for first-degree criminal sexual conduct, his maturity and ability for rehabilitation was not incorporated into his sentence as the Eighth Amendment (and the Michigan Constitution's analog) require. Like Jordan's other claim, the Michigan Court of Appeals found that because Jordan "failed to make an objection at sentencing," the "error [was] not preserved." *Id.* at *3. Then proceeding under the umbrella of plain-error review, the Michigan Court of Appeals found that under the Eighth Amendment, "'the only type of "age" that matters is chronological age,' and [Jordan] was an adult when he committed the offenses." *Id.* at *3 (quoting *United States v. Marshall*, 736 F.3d 492, 498 (6th Cir. 2013)).

2

The Michigan Court of Appeals thus affirmed Jordan's convictions and sentences.

Jordan sought leave to appeal from the Michigan Supreme Court. Leave was denied because the Court was "not persuaded that the questions presented should be reviewed." *People v. Jordan*, 900 N.W.2d 632, 632 (Mich. 2017) (mem.).

Jordan then filed a petition for a writ of habeas corpus with this Court. Jordan's petition raises the same two issues that he raised on direct appeal. (*See* ECF No. 1, PageID.11–29.)

## II.

The Warden says that both of Jordan's claims for the writ are procedurally defaulted. The Court agrees.

"A habeas petitioner procedurally defaults a claim if: (1) the petitioner failed to comply with a state rule; (2) the state enforced the rule against the petitioner; and (3) the rule is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." *Bickham v. Winn*, 888 F.3d 248, 251 (6th Cir. 2018).

Here, the Michigan Supreme Court stated, "we are not persuaded that the questions presented should be reviewed"; so in deciding whether the state appellate courts relied on an adequate-and-independent state procedural rule to bar Jordan's claims, this Court will look through the Michigan Supreme Court's opinion to the last reasoned opinion, that of the Michigan Court of Appeals. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1193–94 (2018); *Robinson v. Woods*, 901 F.3d 710, 715 n.3 (6th Cir. 2018).

The Michigan Court of Appeals applied procedural rules to bar both of Jordan's claims. As to the prosecutorial misconduct claim, the state appellate court found that Jordan's counsel did not object at all to the prosecutor's first allegedly improper statement and, although he objected to the second, related statement, counsel did not state the basis for the objection. *Jordan*, 2016 WL

6825714, at *1. As for the Eighth Amendment claim, the Michigan Court of Appeals found that Jordan failed to object at sentencing. *Id.* at *3. So the state courts "actually relied" on a procedural bar. And it does not change things that the state court conducted plain-error review. *See Girts v. Yanai*, 501 F.3d 743, 755 (6th Cir. 2007).

But were these procedural rules "adequate and independent"? The contemporaneous objection rule was. *See Amos v. Renico*, 683 F.3d 720, 730 (6th Cir. 2012); *Taylor v. McKee*, 649 F.3d 446, 451 (6th Cir. 2011). Although the Court hesitates to say the same about the Michigan Court of Appeal's assertion that Jordan's counsel needed to not only object, but also state the basis for the objection, the state appellate court has applied that rule before. *See, e.g.*, *People v. Vanwagoner*, No. 298695, 2011 WL 2732151, at *9 (Mich. Ct. App. July 14, 2011); *People v. Shaheed*, No. 206314, 1999 WL 33435078, at *3 n.3 (Mich. Ct. App. Oct. 12, 1999); *Matter of Snyder*, 566 N.W.2d 18, 21 (Mich. Ct. App. 1997). And Jordan has offered nothing suggesting that the rule was not well-established and normally enforced. *Stone v. Moore*, 644 F.3d 342, 347 (6th Cir. 2011) ("A state procedural rule is adequate if it was firmly established and regularly followed by the time it was applied." (internal quotation marks and citation omitted)).

So the Court finds that Jordan's claims are defaulted. Can Jordan find a way around the default? One route is showing cause for not complying with the state's procedural rules and actual prejudice resulting from the default. *See Coleman v. Thompson*, 501 U.S. 722, 753 (1991). The second route requires Jordan to establish a "fundamental miscarriage of justice." *See id.*

Jordan has not taken a step down either path. The Warden argued procedural default in his response to Jordan's petition for a writ of habeas corpus. Jordan did not file a reply. And his petition did not preemptively address default (indeed, Jordan simply submitted his brief filed with the Michigan Supreme Court).

Accordingly, the Court finds that Jordan's claims are inexcusably defaulted.

**III.**

And even if the Court is wrong to apply a procedural bar to relief (because, for example, the "state your basis for objecting" rule is not regularly enforced by the Michigan Court of Appeals), this Court would still not issue Jordan a writ.

As noted, the Michigan Court of Appeals addressed both of Jordan's claims for the writ under the umbrella of plain-error review. In the Sixth Circuit, plain-error review—at least when, as here, there is some analysis under federal law—is an adjudication "on the merits" as that phrase is used in § 2254(d). *Stewart v. Trierweiler*, 867 F.3d 633, 638 (6th Cir. 2017). And because § 2254(d) sets the standard of review, Jordan must show that the Michigan Court of Appeals' adjudication of his claims resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law" or that the decision was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

Jordan has not made the required showing.

To appreciate Jordan's claim of prosecutorial misconduct, some additional factual background is necessary. During closing arguments, the prosecutor stated,

> You have [IC's] testimony about what happened to her. You have her mother's [testimony] about what she told to her the first time. *You know that she's been consistent. She's testified before. She talked at Kid's Talk and she's talked to the police.* Defense counsel didn't bring up anything that she's been inconsistent about, *so she's told the same thing from the beginning* that this is what happened to her and how it happened to her.

(ECF No. 8, PageID.319 (emphases added).) Although Jordan's counsel did not object, he did address the prosecutor's remarks in his closing argument:

> One statement was made, and this was as to [IC], that she said the same things from the beginning. I don't think there's any testimony about that, that she said the same

5

thing to Kid's First. I don't think there was any testimony what she said to Kid's First or anybody else. We don't, we simply don't know that.

(ECF No. 8, PageID.322.) Then, in the prosecutor's rebuttal, the following occurred:

[PROSECUTOR:] There's no testimony, according to the defense counsel there's no testimony that they said the same thing previously to medical personnel, to the police, to Kid's Talk. The reason why I said that you know they didn't say anything differently is if they had said something differently defense attorney would have brought that up. He would have asked them about that.

[JORDAN'S COUNSEL]: I would object. You can't make that argument.

[PROSECUTOR]: Of course I can.

[Sidebar off the record]

[PROSECUTOR]: So the fact that defense counsel didn't bring up well, the Kid's Talk you said X and today you said Y so which is true? And when you talked to the police you said X but now you said Y. Which is true? Then you would know that there were inconsistencies. But you can assume and you can use your common sense to assume that there are no inconsistencies because those things weren't brought up.

(ECF No. 8, PageID.331.)

With that background, Jordan's claim of prosecutorial misconduct can be understood. Jordan argues that no one from Kid's Talk testified. (ECF No. 1, PageID.19.) And while one person from the police department did testify, that officer only recounted his interview of Jordan, which was before one of Jordan's nieces had come forward. (ECF No. 1, PageID.19–20.) Thus, Jordan argues that the prosecutor argued facts not in evidence. (ECF No. 1, PageID.19.) Jordan also argues that the prosecutor improperly bolstered IC's and AC's allegations by claiming that they had given similar accounts to different people at different times. (*See* ECF No. 1, PageID.20.)

The Michigan Court of Appeals addressed these assertions. The court stated, "The prosecutor used her closing and rebuttal arguments to emphasize that [the children] had been consistent regarding how defendant inappropriately touched and assaulted them, for otherwise

defendant would challenge their testimony with any inconsistencies made to Kids Talk or the police." *Jordan*, 2016 WL 6825714, at *2. The court continued, "Despite defendant's argument, there was evidence to support the prosecutor's argument. The victims' mother testified regarding what IC told her about defendant touching her, and IC herself testified that she also told personnel at Kids Talk and the police about defendant's assaults." *Id.* The Michigan Court of Appeals concluded: "Addressing the consistency of a witness's statements is a proper matter for closing arguments, and therefore, defendant cannot show any prosecutorial error." *Id.*

The Michigan Court of Appeals' decision was not contrary to and did not involve an unreasonable application of clearly established federal law; nor was it based on unreasonable fact finding. The applicable law here is *Darden v. Wainwright*, 477 U.S. 168 (1986). *See Parker v. Matthews*, 567 U.S. 37, 45 (2012). That case explained that "a prosecutor's improper comments will be held to violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Parker*, 567 U.S. at 45 (quoting *Darden*, 477 U.S. at 181). The Michigan Court of Appeals essentially recited this rule: "The test for prosecutorial error is whether the prosecutor's conduct denied defendant a fair and impartial trial." *Jordan*, 2016 WL 6825714, at *1. And it reasonably applied it. Even if the content of the victims' statements to Kid's Talk and the police were not recounted to the jury (so there was no way for the jury to verify that the accounts lined up), the Michigan Court of Appeals was correct that one victim testified that she had spoken with Kid's Talk and the police. (ECF No. 8, PageID.236.) And one victim's mother testified that her daughter told her what had happened. (ECF No. 8, PageID.244.) Collectively, that testimony gave the prosecutor at least some basis to argue that the victims' stories were consistent across time. Moreover, the prosecutor explained why she was making that argument: had there been an inconsistency in the accounts, defense counsel would

have impeached the victims; defense counsel did not, so, inferentially, the testimony was consistent. While the prosecutor's evidentiary basis for arguing that the victims gave consistent accounts was weak, the inference of consistency was not so ill-supported and prejudicial that it deprived Jordan of a fair trial. *Darden*, 477 U.S. at 181. Or, even if the prosecutor's statements did deny Jordan of a fair trial, the Michigan Court of Appeals was not unreasonable to conclude otherwise. *See Stewart*, 867 F.3d at 639 ("We cannot set aside a state court's conclusion on a federal prosecutorial-misconduct claim unless a petitioner cites . . . other Supreme Court precedent that shows the state court's determination in a particular factual context was unreasonable." (internal quotation marks omitted)).

That leaves Jordan's claim that his mandatory minimum sentence violates the Eighth Amendment. In *Miller v. Alabama*, the Supreme Court found that the Eighth Amendment requires a sentencing judge to consider a juvenile offender's immaturity before imposing the "state's harshest penalties." *See* 567 U.S. 460, 489 (2012). Michigan precludes the sentencing judge from altering the 25-year minimum sentence for first-degree criminal sexual conduct—the sentence is mandated by statute. So Jordan thinks his 25-year sentence for first-degree criminal sexual conduct violates the Eighth Amendment.

Even if Jordan is correct, he has not cleared § 2254. The Michigan Court of Appeals found that *Miller* only extended to those who offended when they were minors, i.e., under 18 years of age: "[u]nder the Supreme Court's jurisprudence concerning juveniles and the Eighth Amendment, the only type of 'age' that matters is chronological age and [Jordan] was an adult when he committed the offenses." *Jordan*, 2016 WL 6825714, at *3 (internal quotation marks and citation omitted). It was not an unreasonable application of Supreme Court precedent for the Michigan Court of Appeals to find that the Eighth Amendment protections did not extend to those who

8

reached 18 years of age. After all, *Miller* states, "We therefore hold that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 567 U.S. at 465. And Jordan was 18 or 19 years old at the time of the alleged offenses. Thus, § 2254(d) prevents this Court from granting Miller a writ on his Eighth Amendment claim.

## IV.

For the reasons provided, the Court DENIES Jordan a writ of habeas corpus. The Court also DENIES Jordan a certificate of appealability because reasonable jurists would not debate this Court's resolution of Jordan's claims. But should Jordan appeal, he may do so without prepaying the appellate filing fee, i.e., the Court GRANTS Jordan the right to proceed *in forma pauperis* on appeal.

SO ORDERED.

Dated: October 24, 2019

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 24, 2019.

s/Erica Karhoff
Case Manager to
Honorable Laurie J. Michelson